IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KELLY HENBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 13-151-GPM |
| | ) |
| RICK WHITE and GREG HANISCH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on Plaintiff Kelly Henby's notice of dismissal (Doc. 32). Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i). Here, neither Defendant Rick White nor Defendant Greg Hanisch has filed an answer or a motion for summary judgment. The Court notes that there are several motions currently pending filed by Defendants, however, the Court concludes that none of those motions cut off Plaintiff's right to voluntary dismissal under Rule 41(a)(1)(A)(i). Defendant Hanisch filed a motion to dismiss (Doc. 27), and a First Motion to Supplement Motion to Dismiss (Doc. 31); Defendant White filed a motion to dismiss (Doc. 11), and a Second Motion to Supplement his Motion to Dismiss (Doc. 39). Defendant Hanisch's motions are not supported by extraneous documents, but Defendant White's are. A motion to dismiss becomes a motion for summary judgment when the defendant attaches materials outside the complaint, as Defendant White did, and the court "actually considers" some or all of those

materials.  *Marques v. Fed. Reserve Bank of Chicago*, 286 F.3d 1014, 1017 (7th Cir. 2002), *citing Berthold Types Ltd. v. Adobe Systems Inc.,* 242 F.3d 772, 775–76 (7th Cir. 2001).  However, the Court has not yet considered Defendant White's motion to dismiss or the materials attached, or affirmatively decided to convert the motion to dismiss into a motion for summary judgment.  Therefore, Plaintiff was still entitled to voluntarily dismiss his case under Rule 41(a)(1)(A)(i).  *See Marques*, 286 F.3d at 1017.  Accordingly, Plaintiff's notice of dismissal (Doc. 32) is effective immediately upon filing and does not require judicial approval.  *See Nelson v. Napolitano*, 657 F.3d 586 (7th Cir. 2011).  Under Rule 41(a)(1)(B), the dismissal is without prejudice.  FED. R. CIV. P. 41(a)(1)(B).

Furthermore, Plaintiff's notice of voluntary dismissal has divested the Court of jurisdiction to consider any of the motions pending in this case when the notice was filed.  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (holding that after a voluntary dismissal under Rule 41(a)(1)(A)(i), the Court may consider only collateral issues and may not assess the legal merits of the complaint); s*ee also Nelson*, 657 F.3d at 588–89.  Accordingly, Defendant Rick White's motion to dismiss (Doc. 11), Defendant Greg Hanisch's motion to dismiss (Doc. 27), Defendant Hanisch's First Motion to Supplement Motion to Dismiss (Doc. 31), and Defendant White's Second Motion to Supplement his Motion to Dismiss (Doc. 39) are **DENIED as moot.**

To conclude, because Plaintiff has an absolute right to dismiss this case at the present time, the Court finds that this action is **DISMISSED without prejudice**.  The Clerk of the Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED:   August 6, 2013

                                                                    s/ *G. Patrick Murphy*
                                                                    G. PATRICK MURPHY
                                                                    United States District Judge